IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID KEITH MORGAN, )
      Plaintiff, )
  -vs- ) Civil Action No. 15-527
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
      Defendant. )

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 10) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

## I.   BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") pursuant to the Social Security Act ("Act"). Plaintiff filed his application alleging he had been disabled since January 1, 2004.[1] (ECF No. 8-5, p. 2). Administrative Law Judge ("ALJ"), Jeffery P. La Vicka, held a hearing on August 15, 2013. (ECF No. 8-2, pp. 27-63). On September 12, 2013, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 13-23).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 10 and 14). The issues are now ripe for review.

---

[1] The alleged onset date was amended by Plaintiff to be February 16, 2012. (ECF No. 8-2, p. 32).

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Opinion of Examining Consultant, Dr. Andrews

Plaintiff first argues that the ALJ erred in failing to appropriately evaluate the opinion of Dr. Andrews, an examining consultant psychologist. (ECF No. 11, pp. 3-12). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4). In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel,* 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

3

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff submits that the reasons the ALJ gave little weight to the opinion of Dr. Andrews are "insufficient and factually inaccurate." (ECF No. 11, p. 10). In support of this position, Plaintiff argues that there is substantial evidence to support the opinion of Dr. Andrews. (ECF No. 12, pp. 11-12). To be clear, the standard is not whether there is evidence to establish Dr. Andrews' opinion but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

Turning to the ALJ's finding with regard to Dr. Andrews, the ALJ accorded his opinion little weight because his "findings represent only a snapshot of the claimant's functioning, appear to be an overestimate[2] of his functioning, and are not consistent with the claimant's normal mental status examinations prior to the alleged onset date and just prior to this examination, or primary care physician reports of normal attention span, concentration, mood, and affect. (Exhibits C4F and C9F)." (ECF No. 8-2, p. 22). The first reason given by the ALJ for discounting Dr. Andrews' opinion appears to be disingenuous. Consultative examiners are used every day and become the evidentiary basis for decisions. This is not to say that consultative examiners, necessarily, are to be given controlling weight. Rather, an ALJ is required to weigh the same according to the rules set forth above. To be clear, state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature

---

[2] Plaintiff acknowledges that the ALJ misstated and meant to say underestimate instead of overestimate and I agree. (ECF No. 11, p. 10 n. 5).

4

and severity of an individual's impairment(s)...."). Thus, to discount the opinion on the basis that it was a one-time examination is an error. For the reasons set forth below, however, I find this error to be harmless.

The ALJ also discounted Dr. Andrews' opinion for two additional reasons: 1) he found Dr. Andrews' opinion to be an underestimate of Plaintiff's functioning abilities, and 2) because it was inconsistent with Plaintiff's other medical records and evidence relating to Plaintiff's mental status. (ECF No. 8-2, p. 22). These are appropriate reasons for giving an opinion little weight. *Plummer,* 186 F.3d at 429; 20 C.F.R. §416.927 (discussing the evaluation of medical opinions). Furthermore, upon review of the record, I find these reasons given by the ALJ are supported by substantial evidence.[3] *See,* e.g. ECF No. 8-2, pp. 13-23. Therefore, remand is not warranted on this basis.[4]

### C.  Residual Functional Capacity ("RFC") [5]

---

[3] Contrary to Plaintiff's assertion, the ALJ's opinion was not based on his lay analysis or raw medical data. (ECF No. 11, p. 12). Rather, it was based on the evidence of record, including the opinion evidence of Dr. Link. (ECF No. 8-2, p. 21). Thus, I find no merit to this assertion.

[4] In footnote 4 of Plaintiff's Brief, he argues that this court should consider post decision evidence that was not before the ALJ at the time of the decision but was submitted for the first time to the Appeals Council. (ECF No. 11, p. 9 n. 4). The instant review of the ALJ's decision is not *de novo* and the ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976). "[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence." *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991). Thus, my review of the ALJ's decision is limited to the evidence that was before him. *Id.;* 42 U.S.C. §405(g). Therefore, pursuant to Sentence Four of §405(g), when reviewing the ALJ's decision, I cannot look at the post-decision evidence that was not first submitted to the ALJ.
    If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied by a plaintiff to justify remand. *Id., citing Szubak,* 745 F.2d at 833. In this case, Plaintiff's counsel admits that he does "not know why this evidence was not submitted directly to the ALJ, so he does not know whether there were good reasons for failing to submit[ it] earlier." (ECF No. 11, p. 9 n 4). Based on the same, I find that Plaintiff has failed to show good cause for his failure to submit the additional evidence to the ALJ. Thus, remand under Sentence Six is not warranted.

[5] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own

Plaintiff next argues that the ALJ erred "because the RFC does not incorporate his own finding that Mr. Morgan has moderate deficiencies of concentration, persistence, and pace." (ECF No. 11, p. 12). In support of this position, Plaintiff suggests that the ALJ erred in not including those deficiencies opined by Dr. Andrews. (ECF No. 11, pp. 13-15). As set forth above, the ALJ appropriately gave Dr. Andrews' opinion little weight. Therefore, I find no merit to this argument.

The ALJ found Plaintiff to have the RFC to perform work that requires no more than a light level of physical exertion and, *inter alia,* involves only simple, routine, repetitive tasks with simple decision making requirements performed in an environment free of fast paced production requirements and involving few work place changes." (ECF No. 8-2, p. 17). After a review of the record, I find the ALJ's RFC is based on substantial evidence. *See,* ECF No. 8-2, pp. 13-23 and documents cited to therein.

Within his RFC argument, Plaintiff submits that the ALJ erred in failing to ask the vocational expert ("VE") hypothetical questions that accurately reflect Plaintiff's impairments. (ECF No. 11, pp. 14-15). I disagree. An ALJ is required to accept only hypothetical questions which accurately reflect a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984)*; Chrupcala v. Heckler,* 829 F.2d 1269, 1276 (3d Cir. 1987). The record reveals substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

Finally, Plaintiff suggests that the ALJ failed to properly account for Plaintiff's need to use a cane in the hypothetical questions to the VE and in his RFC. (ECF No. 11, pp. 16-18). To begin with, Plaintiff acknowledges that the RFC included Plaintiff's need to use a cane. (ECF No. 11, pp. 16-17). The ALJ found Plaintiff to have the RFC to perform work that requires

---

limitations. 20 C.F.R. § 416.945(a).

no more than a light level of physical exertion and, *inter alia,* accommodates the use of an assistive device for uneven terrain or prolonged ambulation (contralateral upper extremity can be sued to lift/carry up to exertional limits)." (ECF No. 8-2, p. 17). Plaintiff argues, however, that this does not account for the impact of the "device on one's ability to reach, handle, and grasp." (ECF No. 11, p.16). Thus, Plaintiff concludes that further vocational expert testimony is necessary to determine the same. *Id.* at p. 17.

After a review of the evidence, I disagree with Plaintiff. Plaintiff fails to point to any evidence that the use of the cane was prescribed or that it imposed a restriction on his hand use. Nevertheless, the ALJ made an accommodation in the RCF regarding Plaintiff's use of the cane in certain uneven terrain or prolonged ambulation and then found that the "contralateral upper extremity" would be free to lift/carry up to the exertional limits. (ECF No. 8-2, p. 17). I find this was appropriate and supported by substantial evidence. Moreover, the ALJ plainly put this limitation to the VE who found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (ECF No. 8-2, pp. 59-62). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID KEITH MORGAN )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 15-527
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 5th day of April, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

                                      BY THE COURT:

                                      s/ Donetta W. Ambrose
                                      Donetta W. Ambrose
                                      United States Senior District Judge